IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESLEY SUDDARD AND SANS WILBANKS,** | |
| **Plaintiffs,** | |
| v. | Case No. 22-CV-02498-SPM |
| **1541335 ONTARIO INC. d/b/a ROAD LINK XPRESS AND INDER SINGH NAGRA,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the court are a Motion for Leave to File Out of Rule Answer (Doc. 35) and Motion to Vacate Clerk's Entry of Default (Doc. 38) filed by Defendants 1541335 Ontario Inc. (doing business as "Road Link Xpress") and Inder Singh Nagra. This Court consolidated these two motions for consideration as a Motion to Vacate Default (Doc. 47). Plaintiffs Lesley Suddard and Sans Wilbranks filed a Response (Doc. 49) to these consolidated motions, to which Road Link Xpress and Nagra filed a Reply. (Doc. 50). Having been fully informed of the issues presented, this Court **GRANTS** Road Link Xpress and Nagra's Motion to Vacate Clerk's Entry of Default.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case has a somewhat convoluted procedural history. Plaintiffs Lesley Suddard and Sans Wilbanks commenced the present action to recover damages associated with a motor vehicle collision on July 9, 2021. (*See* Doc. 20, ¶ 8). Plaintiffs

were driving their vehicle, a Hummer H2 with a "box trailer" in tow (Doc. 20, ¶ 8) eastbound on Interstate 70 in the vicinity of Effingham, Illinois when a collision occurred with a Freightliner tractor-trailer driven by Nagra. (*Id.*, ¶ 10). Suddard and Wilbanks filed a Complaint against Road Link Xpress and Nagra on October 27, 2022 alleging both vicarious and direct liability claims against Road Link Xpress and negligence claims against Nagra. (Doc. 1). The case was initially assigned to United States Magistrate Judge Beatty. (*See* Doc. 3).

Judge Beatty issued a Notice of Pending Dismissal on December 5, 2022 because Road Link Xpress did not file an Answer or respond to the initial Complaint by the November 22, 2022 due date. (*See* Doc. 10). Suddard and Wilbanks then filed a Motion for Entry of Default on December 14 (Doc. 14) which was granted by the Clerk on December 15 (Doc. 15). The Plaintiffs then filed a Motion for Default Judgment on December 15 (Doc. 17). Judge Beatty issued a Jurisdictional Order on December 20 (Doc. 18) noting that the Plaintiffs had not provided proof that Nagra was a Canadian citizen and directing them to file an amended complaint by December 29. Plaintiffs then filed this Amended Complaint (Doc. 20) on December 21. Judge Beatty requested that this Court rule on the Motion for Default Judgment (Doc. 17) on December 23 (Doc. 22). This Court denied Plaintiffs' Motion for Default Judgment for mootness on January 3, 2023. (Doc. 23).

Judge Beatty noted on January 23 (Doc. 24) that "neither Defendant has filed a responsive pleading to the amended complaint or otherwise appeared in this action" and noted the existence of "seemingly thorny questions for the Court as to how this

matter should proceed" because of the variance in time for completion of service against each Defendant. (*Id.*). While Plaintiffs had previously moved for Default against Road Link Xpress, it was unclear at the time whether or not Plaintiffs would need to file a Motion for Default against them again when moving for default against Nagra. (*Id.*). Judge Beatty ruled that "in order to maximize efficiency and ensure that the result of these proceedings is just, fair, and legally sound, Plaintiffs shall be required to move for an entry of default against both Defendants as to the amended complaint." (*Id.*).

The Amended Complaint (Doc. 20) was served on both Defendants with notice filed on January 27. (Docs. 25 & 26). The Plaintiffs filed Motions for Entry of Default Judgment (Docs. 28 & 29) on February 24. The Clerk entered default on February 27. (Docs. 30 & 31). Notably, counsel for the Defendants made his appearance on that same day. (Doc. 32). Defendants then filed the instant Motion for Leave to File (Doc. 35) on March 1, an Answer to the Amended Complaint (Doc. 36) on March 6, and the instant Motion to Vacate Clerk's Entry of Default (Doc. 38) on March 15. Plaintiffs filed a Response to the Motion for Leave to File (Doc. 37) on March 8. On May 3, this Court granted in part the Defendants' Motions for Leave to File (Doc. 35) and to Vacate Clerk's Entry of Default (Doc. 38) and directed the Plaintiffs to file a Response by May 24. (Doc. 47). Plaintiffs' Response (Doc. 49) was filed on May 16 with Defendants' Reply filed on May 19.

## APPLICABLE LEGAL STANDARDS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The District Court is permitted to set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). "To set aside the entry of default, [the movant is] required to show (1) good cause; (2) quick action to correct it; and (3) 'an arguably meritorious defense to the lawsuit.'" *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (quoting *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)).

The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). That being said, the Seventh Circuit "view[s] default judgments to be a 'weapon of last resort, appropriate only when a party willfully disregards pending litigation.'" *Id.*; *see Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citing *Inryco Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1231 (7th Cir.1983)) ("We have noted that this willfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court."); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984) ("Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a [motion to vacate default judgment]."). However, because of the far-reaching nature of the remedy, "a default judgment should be used only in extreme

situations, or when other less drastic sanctions have proven unavailing." *Sun*, 473 F.3d at 811.

## ANALYSIS

The primary thrust of the Defendants' argument that the Clerk's Entry of Default (Docs. 30 & 31) be set aside is that they forwarded all of the relevant documents to their insurer, Northbridge Insurance, and that the insurer failed to take any action in the case. (*See* Doc. 35, ¶¶ 9–18; Doc. 35-2, pp. 1–3). Defendants provided affidavits from Aman Sidhu, the Safety and Compliance Manager at Road Link Xpress, (*see* Doc. 35-2, pp. 1–3) and Ryan Cobb, a Senior Claims Technical Specialist for Northbridge, (*see* Doc. 35-3, pp. 1–2) stating that Albert Smith, a former employee at Northbridge, was assigned to the matter and that Northbridge was not aware that Smith had not taken any action on the matter until after his termination. (*See* Doc. 35-2; Doc. 35-3). Key to their argument is that both the Defendants and Northbridge claim that they took prompt action as soon as the oversight was discovered. (*See id.*). They insist that this delay was "[e]xcusable neglect" as extended "to some cases in which delay is caused by 'inadvertence, mistake, or carelessness.'" (Doc. 35, ¶ 24 (quoting *Lewis v. School Dist.* #70, 523 F. 3d 730, 740 (7th Cir., 2008)).

Conversely, Plaintiffs insist that good cause does not exist as evidenced by the fact that Defendants took no action between the date of service of the original Complaint in November 2022 and Defendants' counsel's Notice of Appearance (Doc. 32) in late February 2023). (*See* Doc. 49, ¶¶ 8–10).

This matter turns on whether the Defendants have met their burden under the three-step test utilized in the Seventh Circuit. *See Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (quoting *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)). The first element is whether or not there exists "good cause" to grant the Defendants' Motion to Vacate. Both Plaintiffs and Defendants are confused on the precise meaning of the term. Importantly, "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Escamilla*, 62 F.4th at 372 (quoting *Sims v. EGA Prods. Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)). Thus, "an entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse." *Id.* (quoting *JMB Mfg. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015).

The Seventh Circuit has denied motions to vacate default judgment when counsel "showed a callous disregard for the procedures in this circuit." *Passarella v. Hilton Int'l Co.*, 810 F.2d 674 (7th Cir. 1987) (quoting *Inryco, Inc. v. Metropolitan Engineering Co.*, Inc., 708 F.2d 1225, 1231 (7th Cir.1983)). The conduct in *Inryco* was truly egregious—counsel for the defendants:

> [N]ever filed an appearance; never paid any filing fees; never answered the original or amended complaints . . . ; never counterclaimed . . . ; never responded to interrogatories; failed for months to inform his clients of outstanding discovery requests; misrepresented . . . that he was having trouble getting documents from his clients; and failed to appear at five status calls . . . .

*Inryco*, 708 F.2d at 1231. In *Davis v. Hutchins*, 321 F.3d 641 (7th Cir. 2003), counsel failed to file an appearance for two months until the District Judge and Court Clerk required him to do so, failed to include an actual motion to dismiss with his brief in

support of a motion to dismiss, and responded to discovery requests with a smiley face and the flippant statement that "[y]ou guys are pretty funny!" *Id.* at 646–47. The Defendants' conduct certainly does not rise to this level of incompetence and lack of due diligence.

Defendants' conduct looks more like that in *Passarella*, 810 F.2d at 676, in which "the defendant Hilton International mistakenly assumed that the Continental Insurance Company had received its two letters containing Passarella's complaint and information about the suit and that Continental had answered the complaint." *See Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981), *A.F. Dormeyer Company v. M.J. Sales & Distributing*, 461 F.2d 40 (7th Cir.1972). Road Link Xpress has stated that it forwarded all relevant documentation to Northbridge and (mistakenly) believed that its insurer was handling the matter. Could Road Link Xpress have followed up with its insurer more diligently? Absolutely. However, this fact pattern looks much closer to *Passarella* than to *Inryco* or *Davis*. Due to the strong preference for an adjudication on the merits, there exists "good cause" for this Court to grant the Motion to Vacate.

The second factor, whether quick action was taken to correct the deficiency, is slightly more complex. While Defendants did take "quick action" after February 24 (once the new Northbridge employee was assigned to the matter and obtained counsel), the Defendants wholly failed to respond to the first Entry of Default (Doc. 15) on December 15 with respect to Road Link Xpress. The fact that service on Nanga was delayed and that there were jurisdictional issues associated with his citizenship

does not negate the fact that no action was taken by the Defendants until Defendants' counsel's Notice of Appearance on February 27. (Doc. 32). That being said, "[w]hat constitutes quick action varies from case to case." *Escamilla*, 62 F.4th at 372. Delays of five weeks to five months have been found to be "quick action" in various contexts. *See id.* (citing *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 866 (7th Cir. 2007)). Unlike in *Escamilla* and in *Sims*, however, as the United States government is not the defendant here, "public safety" is not at risk. *See id.* Overall, while the Defendants certainly should have followed up with their insurer after receiving successive pleadings, Notices, and Entries of Default, once the error was noted, Defendants' counsel acted rapidly. This factor also points toward granting the Motion to Vacate.

Finally, the third factor, whether the non-moving party presents "an arguably meritorious defense to the lawsuit," is clearly established here. *Escamilla*, 62 F.4th at 372 (quoting *Parker*, 772 F.3d at 505). Once the Defendants responded to the Plaintiff's pleadings, they denied the various accusations in the Plaintiffs' First Amendment Complaint and presented boilerplate affirmative defenses including failure to state a claim on which relief may be granted, failure to join necessary parties, and contributory negligence. (*See* Doc. 36, p. 19). While the Defendants' offer of these affirmative defenses is threadbare, they have met their minimum required showing that they have an "arguably meritorious defense" to the Plaintiffs' suit. *Escamilla* at 372 (quoting *Parker* at 505).

With the "lenient standards" the Seventh Circuit has applied for entries of default, this Court finds that justice is served by allowing this matter to proceed to a trial on the merits. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

## CONCLUSION

For the reasons set forth above, this Court finds that Defendants Road Link Xpress and Inder Singh Nagra have met their burden to demonstrate that good cause exists to overturn the Clerk's Entry of Default. Therefore, Defendants' Motion to Vacate Clerk's Entry of Default (Docs. 35 & 38) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  October 25, 2023**

s/ *Stephen P. McGlynn*  
STEPHEN P. McGLYNN  
U.S. District Judge